UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| GUY GREENE a/k/a Ozhawaakoo Giishig,<br><br>      Plaintiff,<br><br>v.<br><br>Pioneer Press Editor DAVID HANNERS, KATHLEEN HEANEY, BARBRA BERG-WINDELS, BRUCE ANDERSON, ARDEN FRITZ, DALE WOLF, KARLA HANCOCK, THOMAS PERTLER, CAL LUDEMAN, BRIAN NINNEMAN, DENNIS BENSON, GREG CARLSON, LUARAL SKOGLUND, JOAN FABIAN, ANN LAVALLEY-WOOD, ELIZABETH BARBOS, LORI SWANSON, KEVIN MOSER, LAUREN SEVERSON, STEVE HOKKENSON, ERIC HATTENBERG, JAMIE JUNGERS, JANE WARD, JAMES WEBER, DARIAN MENTEN, BROOKS MIDBROD, JENNY ABSON, HECTOR ORTIZ, BEV DAVIDSON, REBECCA JORMO, PETER STEEN, SARA KULAS, AMANDA HEGGE, FORREST HALL and JEANNE DREHER,<br><br>      Defendants. | Civil No. 10-546 (MJD/AJB)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's pro se "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which he is seeking leave to proceed in forma pauperis ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is

recommended that Plaintiff's IFP application be denied, and that this action be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**I.     BACKGROUND**

Plaintiff is a civilly committed sexual predator who is currently confined at the Minnesota Sex Offender Program (MSOP) in Moose Lake, Minnesota. He has initiated several prior actions in this District under various names. The Court is unaware of any success that Plaintiff has had in any of those prior actions.

Plaintiff's current sixty-seven-page complaint purports to state a host of federal and state law claims against thirty-five named defendants, most of whom appear to be government employees. Much of Plaintiff's complaint is simply incomprehensible, and it is therefore difficult to gain any insight into the purported factual and legal bases for this lawsuit.

As far as the Court can tell, Plaintiff recently attempted to change his name (something he apparently has done formally, or informally, on numerous occasions) but his name-change petition was denied by the state district court in which it was filed. Plaintiff appealed that ruling, and the Minnesota Court of Appeals reversed and remanded the matter back to the trial court for further consideration. See In re Giishig, A08-0010, 2008 WL 5058537 (Minn. Ct. App. Dec. 2, 2008). A St. Paul newspaper allegedly published an article about the case. Plaintiff now claims that the article was defamatory and cast him in a "false light" because it reported his extensive criminal history.

Based on these meager "facts," Plaintiff is now attempting to sue several individuals who allegedly were involved in his name-change proceedings. He is also attempting to sue parties who allegedly were involved in publishing the newspaper article about the name-

change proceedings. Many of the named defendants are MSOP employees, who apparently are being sued simply because they allegedly talked to Plaintiff and/or others about the name-change proceedings and related newspaper article.

As previously mentioned, Plaintiff's complaint lists a broad array of legal theories in support of his effort to sue the named Defendants, including (but not limited to) defamation, abuse of process, "false information to media," intentional infliction of emotional distress, malicious prosecution, "religious harassment," gross negligence, "Government Data Practices Act," assault and battery, and federal civil rights law.

Even though this action appears to be predicated on a narrow set of "facts" that are uniquely personal to Plaintiff—namely his name-change litigation and the related newspaper article—he is, inexplicably, requesting "class certification" so this case can be prosecuted as a class action lawsuit. ("Motion to Certify Class," [Docket No. 5].)

Although Plaintiff's complaint does not clearly identify any specific compensable injury caused by any of the Defendants, he is seeking a judgment for "compensatory damages in the amount of $50,000 against each defendant, jointly and severally." (Compl. 67.) He is also seeking punitive damages in the amount of $100,000 from each Defendant, "jointly and severally." (Id.) In addition, Plaintiff is asking the Court to issue an injunction that would compel Defendants "to stop violating and obstructing good faith efforts to correct the religious name change back to Guy Israel Greene." (Id.)

## II. DISCUSSION

The United States Supreme Court has explained that:

The federal in forma pauperis [(IFP)] statute, enacted in 1892 and presently codified as 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal courts.... Toward this end, § 1915(a)

3

> allows a litigant to commence a civil or criminal action in federal court <u>in forma pauperis</u> by filing in good faith an affidavit stating, <u>inter alia</u>, that he is unable to pay the costs of the lawsuit. Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits. To prevent such abusive or captious litigation, § 1915(d) [now § 1915(e)] authorizes federal courts to dismiss a claim filed <u>in forma pauperis</u> "if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." Dismissals on these grounds are often made <u>sua sponte</u> prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints.

<u>Neitzke v. Williams</u>, 490 U.S. 319, 324 (1989) (internal citations omitted).

Thus, an IFP application will be denied, and the action will be dismissed, if the plaintiff has filed a complaint that is found to be "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." <u>Williams</u>, 490 U.S. at 325 (1989). <u>See</u> also <u>Denton v. Hernandez</u>, 504 U.S. 25, 32–33 (1992). A complaint is malicious, and therefore subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), "if it is filed in bad faith to harass the named defendants, or if it presents abusive or repetitive claims." <u>Neng Por Yang v. City of Shakopee</u>, No. 09-3216(PAM/JJK), 2009 WL 5217017 at *4 (D.Minn. Dec. 30 2009) (citing <u>Carter v. Schafer</u>, 273 Fed.Appx. 581, 582 (8th Cir.2008)).

Here, the Court finds that Plaintiff's IFP application should be denied and this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because Plaintiff's current complaint is both malicious and frivolous. This determination is based on an unusual combination and alignment of several factors.

First, the Court notes that Plaintiff has a long history of litigating in federal court. He has filed at least seven previous civil rights actions in this District, and it appears that he

4

has not been granted any relief in any of those cases.[1] Plaintiff's only accomplishment in those cases—and perhaps his only intended objective—was to impose an unnecessary burden upon numerous Defendants and the Court. Given Plaintiff's litigation history, the Court has serious doubts about his motives and sincerity in bringing the present action. See Carter, 273 Fed.Appx. at 582 (finding that a plaintiff's history of litigious conduct supported an inference of maliciousness). It appears to the Court that Plaintiff knows (or should know) that the current lawsuit—like his prior actions—lacks an arguable basis in fact or law, and it is therefore frivolous, and that this lawsuit was brought primarily to harass the named Defendants, and it is therefore "malicious."

The Court secondly notes that Plaintiff is currently confined by the state. However, Plaintiff is not a "prisoner" at this time, see 28 U.S.C. § 1915(h), so he is not required to pay the normal court filing fee in installments as prisoners must do pursuant to the Prison Litigation Reform Act (PLRA). See 28 U.S.C. § 1915(b) (prescribing prisoner fee payment requirements); see also Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("The purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time."). Plaintiff retains many typical prisoner motivations for bringing malicious and frivolous lawsuits, e.g., to retaliate against or harass

---

[1] See Giishig v. Pletcher, Civil No. 03-3332 (MJD/AJB); Giishig v. Minnesota Department of Corrections, Civil No. 03-3258 (MJD/AJB); Giishig v. Anderson, Civil No. 04-4783 (MJD/AJB); O'Donnel v. Ludeman, Civil No. 07-4887 (JRT/RLE); Giishig v. Sherburne County Social Services, Civil No. 09-2442 (MJD/AJB); Giishig v. James, No. 09-2489 (MJD/AJB); Giishig v. James, Civil No. 09-3647 (MJD/AJB) (still pending). Given Plaintiff's propensity to change his name, and use various aliases, it is not unlikely that he has filed other lawsuits in this District that cannot be readily identified.

government officials,[2] but he is free of a prisoner's financial disincentive against filing malicious or frivolous actions. Moreover, because Plaintiff is not a "prisoner" for PLRA purposes, he is not only free from the fee payment requirements of 28 U.S.C. § 1915(b), but in addition, he does not have to worry about the "three-strikes rule" imposed by 28 U.S.C. § 1915(g), which limits indigent prisoners' opportunities to pursue malicious or frivolous claims. These circumstances also inform the Court's evaluation of Plaintiff's current complaint.

Plaintiff's request for class certification is a third factor suggesting that this action should be treated as malicious and frivolous for purposes of 28 U.S.C. § 1915(e)(2)(B)(i). Plaintiff recited the hornbook requirements for granting class action status, and he asserts—in a purely conclusory fashion—that all of those requirements are met. (See "Motion to Certify Class," [Docket No. 5].) But in fact, it is hard to imagine a case where class action status would be <u>less</u> warranted. Although Plaintiff's claims are not well explained in his complaint, it is clear that his claims are purely unique and personal to him. Moreover, it is well settled that <u>pro se</u> litigants, such as Plaintiff, are not permitted to maintain class actions, for obvious reasons. See <u>Oxendine v. Williams</u>, 509 F.2d 1405, 1407 (4th Cir. 1975) (stating that it would be "plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action"). Thus, the Court finds that Plaintiff's request for class action status is not only unsustainable, but it

---

[2] As the Eleventh Circuit Court of Appeals has pointed out: "[P]risoners 'often have free time on their hands that other litigants do not possess.' Moreover, prisoners have unique incentives to file meritless or frivolous lawsuits, e.g., to attempt to obtain a 'short sabbatical in the nearest federal courthouse,' or to harass prison officials or correctional officers." <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1489 (11th Cir. 1997) (internal citations omitted).

also further demonstrates that this action is malicious and frivolous.

Next, the Court finds that Plaintiff's complaint is at least frivolous (and possibly malicious) because it so incomprehensible. Based on a casual skimming of the complaint, it might not initially appear to be deficient. The pleading is neatly typed, it is divided into separate numbered paragraphs, and, at least superficially, it appears to have some structure and organization. However, when the individual paragraphs of the complaint are carefully analyzed, it becomes apparent that most of what Plaintiff has written is impossible to understand.[3] The unintelligibility of most of Plaintiff's allegations may not make his

---

[3] This point is best made by quoting a few paragraphs from the complaint, which are representative of the pleading as a whole. In his complaint (Compl. ¶ 87), Plaintiff alleges:

> DHS employees and prosecuting employees were acting under color of the laws and regulations of the State of Minnesota and the DHS governmental unit, where prosecuting defendants acted out of color of office from discouraging individuals such as plaintiff who seek religious name changes to cast a negative light by taking and threatening to take adverse action against individuals similarly situated as plaintiff.

In the next paragraph (Compl. ¶ 88), Plaintiff alleges:

> On **December 2, 2008**, Defendant's [sic] David Hanners, Kathleen Heaney, Barbra Berg-Windels, Bruce Anderson, Arden Fritz, Dale Wolf, Karla Hancock, Thomas Pertler, Cal Ludeman, Joan Fabian, Lori Swanson, [all?] wrote in the Pioneer Press with malicious intent to deprive plaintiff his **access to the courts**, by causing **Defamation of Character** to obstruct a Court of Appeals decision for the plaintiff, **Abusing the legal process**. The Court of Appeals ordered the District Court of Carlton County Judge Dale Wolf to provide a name change hearing after many years of seeking judicial relief to a simple name change that the defendants have been **Maliciously Prosecuting** and **Abusing the Legal Process** of those judicial proceedings by placing plaintiff in a **false light** to the public. (emphasis in original)

Later (Compl. ¶ 117), Plaintiff alleges:

> The defendant's [sic] David Hanners, Kathleen Heaney, Barbra Berg-Windels, Bruce Anderson, Arden Fritz, Dale Wolf, Karla Hancock, Thomas

7

complaint malicious, (unless he was deliberately obfuscatory), but it does make it frivolous. Again, when the complaint is carefully dissected, it becomes apparent that Plaintiff simply has not pleaded any cognizable claim.

Lastly, the sheer mass of Plaintiff's pleading further demonstrates its malicious and frivolous nature. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim." Plaintiff has flouted this Rule here. His complaint could hardly be more verbose, redundant, and confusing. Plaintiff has compounded the complexity of his pleading by purporting to bring numerous disparate claims against 35 largely unaffiliated Defendants. It is evident that Plaintiff's primary pleading objective was to create the greatest possible burden for the greatest possible number of his perceived enemies. The result is a complaint that is both malicious and frivolous.

## III.   CONCLUSION

For all of the reasons discussed above, the Court finds that Plaintiff's present complaint is a malicious and frivolous pleading for purposes of 28 U.S.C. § 1915(e)(2)(B)(i).

---

Pertler, Cal Ludeman, Brian Ninneman, Dennis Benson, Greg Carlson, Kevin Moser, Luaral Skoglund, Joan Fabian, Dr. Ann LaValley-Wood, Dr. Elizabeth Barbos, Lori Swanson, Kevin Moser, Lauren Severson, Steve Hokkenson, Eric Hattenberg, Jamie Jungers, Jane Ward, James Weber have acted in bad faith to ABUSE THE LEGAL PROCESS with malicious intent, this deliberate negligence by defendant's [sic] is a breach of legal duty concerning the accurate information to the public and judicial proceedings that subsequently attacks the axis diagnosis to plaintiff's alleged adult antisocial diagnosis in his civil commitment proceedings, current treatment and level of care.

The above-quoted passages are not just isolated instances of inartful pleading; they accurately exemplify the inscrutability of the entire complaint.

The Court will therefore recommend that Plaintiff's pending IFP application be denied, and that this action be dismissed, pursuant to that statute. The Court will further recommend that Plaintiff's pending "Motion to Certify Class," (Docket No. 5), be denied.

Finally, as discussed above, Plaintiff has compiled a substantial record of bringing unsustainable lawsuits in this District. It appears to the Court that Plaintiff has abused the federal court system. Therefore, the Court recommends that the presiding District Court Judge should restrict Plaintiff's ability to file further actions in this District. This Court recommends that Plaintiff should not be allowed to file any more actions in this District, unless he is represented by counsel, or obtains pre-authorization from a judge or magistrate judge.

## IV. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be DENIED;

2. Plaintiff's "Motion to Certify Class," (Docket No. 5), be DENIED; and

3. This action be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(i); and

4. That Plaintiff be barred from filing any new actions in this District, unless he is represented by counsel, or he is granted pre-authorization to file a proposed complaint by a judge or magistrate judge of the District Court.

Dated: March 25, 2010

                                                                                  s/ Arthur J. Boylan
                                                                                ARTHUR J. BOYLAN
                                                                                United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before April 8, 2010.